CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
For Roanoke
DEC 14 2006
JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| **FRANKLIN ROSEVELT SKIPPER,** ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00725 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SWVRJ, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff Franklin Rosevelt Skipper,[1] a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Skipper alleges that he "was given the wrong medication by a correctional officer"; that he was subjected to unsanitary conditions when his medication was dropped on the floor and a correctional officer retrieved it and "instructed [him] to take it anyway"; and that the Southwest Virginia Regional Jail Authority ("SWVRJA") failed to address plaintiff's "informal complaint" in which he "attempted to determine if said [correctional officer] was infact [sic] qualified to dispense medication."[2] He seeks "changes at SWVRJA's medical department to ensure that ONLY Qualified personnel dispense medication in a safe and sanitary way," an "investigation on [sic] the operations of SWVRJA's medical procedures," and $25,000 in damages. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[3]

---

[1] Plaintiff spells his middle name with one "o," not two, as conventionally familiar.

[2] Plaintiff names SWVRJA as a defendant; however, a jail is not a "person" who can be sued under § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

[3] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Dockets.Justia.com

## I.

## Facts

Skipper alleges that on September 8, 2006, a correctional officer gave him the wrong medicine. He does not state that he took the wrong medicine. Indeed, his inmate grievance form regarding the incident, which he submitted on September 13, 2006, states: "If I hadn't looked at the pills I would have taken them and not known the consequences." He added that "noone [sic] apologized or admitted the mistake" and that the incident constituted "grounds for a lawsuit." In response to that grievance, plaintiff was informed that a medical review of his chart had been requested. A second inmate grievance form, submitted on October 11, 2006, states that correctional officer "Mary [Soccarus] gave me someone else's medication," and further states: "If I hadn't looked at the pills closely, I would have taken them." He adds that he has a heart condition and that "there could have been a severe side effect to these pills." That second inmate grievance form also states that, on October 4, 2006, plaintiff's medication was dropped on the floor by correctional officer Harry, that Harry was able to retrieve two of plaintiff's three spilled pills, and that Harry "gave [him] the other out of another packet." He added: "Are these [named correctional officers] certified to dispense medication? I did not receive a valid reply from my (first) complaint on 9/13." Plaintiff received the following response: "I have spoke [sic] with Officer Soccarus about the September incident. She says that the way she hands out medicine there is no way this could happen. I do not know of anybody named Harry that works here."

## II.

### "I was given the wrong medication."

In order to state a cognizable claim for denial of medical care under the Eighth Amendment,

a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). Additionally, plaintiff must show that the medical need to which the defendants were allegedly deliberately indifferent was serious. Such a need usually involves a condition that threatens loss of life, illnesses or injuries that threaten the inmate with permanent disability. Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986) (reversing summary judgment for defendants and remanding where guards knew of serious illness of plaintiff and exhibited deliberate indifference to request for medical treatment prior to inmate's death); see Estelle, supra, at 104. Although he may be dissatisfied that he was dispensed the wrong medicine, plaintiff did not ingest the medicine. Accordingly, he cannot demonstrate a serious injury threatening permanent disability to which defendants were allegedly deliberately indifferent. Moreover, he has failed to allege facts sufficient to demonstrate deliberate indifference to a serious medical need. Therefore, his claim is not actionable under the Eighth Amendment and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Additionally, to the extent that Skipper believes that the institutional physician or other medical staff may have been negligent or failed to properly treat his medical needs by delegating the responsibility of distributing medication to correctional officers, such a claim does not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

## III.

### Unsanitary Conditions

While the Eighth Amendment does protect prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Therefore, to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

Although plaintiff may not be satisfied with that he was given medication that was dropped on the floor, he does not allege that this is a commonplace occurrence; nor does plaintiff demonstrate that, because of the medicine being dropped on the floor, he sustained a serious or significant injury. See Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999) (holding that the plaintiff failed to allege injuries that were "sufficiently serious to be constitutionally actionable," where the plaintiff stated that his exposure to environmental tobacco smoke resulted in breathing problems, chest pains, dizziness, sinus problems, headaches, and a loss of energy); Oliver v. Deen, 77 F.3d 156, 160 (7th Cir. 1996) (finding that evidence of "considerable" medical treatment for asthma related concerns following exposure to smoke did not establish constitutionally significant injury); Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003) (stating that any injury incurred from

vomiting and nausea which was not so severe as to require medical intervention or have lasting health effects, was de minimis).

Construed in the best light, plaintiff implicitly claims that the sole instance of his medication being dropped on the floor caused a potential health threat because of the "risk" that bacteria and germs are reproducing in this environment. I find that Skipper has not alleged significant current or future injury with regard to his claim of unsanitary conditions and, therefore, fails to state a claim of constitutional significance under the Eighth Amendment. Accordingly, I find this claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## IV.

### Unaddressed Grievance Issues

Inmates do not have a constitutionally protected right to participate in a grievance procedure. Adams v. Rice, 40 F.3d 72 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Because a state grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Azeez v. De Robertis, 568 F. Supp. 8, 9-11 (N.D.Ill. 1982). Accordingly, any delay or failure to respond to or process Skipper's complaints does not raise a claim of constitutional magnitude.

## V.

Based on the foregoing, I find that Skipper has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the

Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 14th day of December, 2006.

*[signature]*
Senior United States District Judge